UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD LARSEN, III, | ) | |
| | ) | |
| Petitioner/Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00413-JDL |
| | ) | |
| AROOSTOOK UNIFIED COURTS, | ) | |
| | ) | |
| Respondent/Defendant | ) | |

## RECOMMENDED DECISION

Petitioner/Plaintiff (Petitioner) has filed a "Writ of Habeas Corpus" in which he complains about the actions of certain individuals involved in and the legal process in two state court actions. (Complaint, ECF No. 1.) Petitioner also filed a motion to proceed in forma pauperis (Motion, ECF No. 2), which motion the Court granted. (Order, ECF No. 4.)

Following a preliminary review of the petition pursuant to 28 U.S.C. § 1915 and Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition/complaint.

### FACTUAL BACKGROUND

Petitioner alleges that he was arrested and evidently charged with a crime in state court and that he is currently or was a party to a civil protection from abuse action in state court. He maintains that court procedures were not followed, that the criminal matter was

not investigated properly, and that his arrest was unlawful. Petitioner does not allege he is in custody.[1]

## STANDARD OF REVIEW

To the extent Petitioner seeks habeas relief from a state court judgment, Petitioner's claim is governed by 28 U.S.C. § 2254(a), which states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . .").

To the extent Petitioner seeks relief under 42 U.S.C. § 1983,[2] a preliminary review of Plaintiff's claim is required by the federal in forma pauperis statute, 28 U.S.C. § 1915, which is designed to ensure meaningful access to the federal courts for those persons

---

[1] The return address on the envelope by which he forwarded the petition/complaint to the Court appears to be a personal address. (ECF No. 1-1.)

[2] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ...

unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).  To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis in original) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).  The Supreme Court has interpreted the words "in custody" to cover not only "prisoners actually in the physical custody of the State," but also persons suffering "substantial restraints not shared by the public generally."  *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 508–10 (1982).  The critical date for the custody determination is the date the habeas petition was first filed in federal court.  *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991). This is because the "collateral consequences" of a state conviction—such as voting or juror service restrictions—are sufficient to prevent a pending federal habeas petition from becoming moot after a petitioner is unconditionally released from state custody, *Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968), but when a petitioner's state sentence has already fully expired before filing a federal petition, the collateral consequences of a state conviction are insufficient to render a petitioner "in custody" for purposes of invoking a federal court's habeas jurisdiction.  *Maleng*, 490 U.S. at 491–92.

Petitioner has alleged no facts that would support a finding that he was in custody for purposes of the habeas corpus statute when he filed the petition/complaint.  *See Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009) ("The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over

4

the case"); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (because custody requirement is jurisdictional, facts supporting custody determination "must be affirmatively alleged, and if challenged," the habeas petitioner "has the burden of persuading this court by a preponderance of the evidence that the court has jurisdiction"). Accordingly, this Court lacks subject matter jurisdiction to consider Petitioner's request for habeas relief.

As to Petitioner's potential § 1983 claim, Petitioner has failed to allege any facts that would support an actionable claim. For instance, while he asserts that his arrest was unlawful, he provides no facts that would support such a claim. That is, Petitioner has alleged no facts to suggest that law enforcement lacked probable cause to arrest him. *See United States v. Torres-Maldonado*, 14 F.3d 95, 105 (1st Cir. 1994) (probable cause for an arrest exists if, "at the time of the arrest, the facts and circumstances known to the arresting officers were sufficient to warrant a prudent person in believing that [the individual] had committed or was committing a crime.")

Furthermore, to the extent the state court criminal proceeding is ongoing, *Younger v. Harris*, 401 U.S. 37 (1971), mandates abstention from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings. *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (noting that *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions"); *In re Justices of Superior Court Dept. of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("The federal courts have long recognized the 'fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger*, 401 U.S. at 46)). Under *Younger*, federal courts

must abstain from interfering in state court proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43-44.

The elements of mandatory abstention consist of the following: "(1) the [state] proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges." *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990).

The criminal proceeding alleged in the petition is judicial in nature, implicates important state interests associated with the State's administration of its laws, and affords Petitioner an adequate opportunity to raise federal constitutional challenges. Abstention, therefore, is presumptively appropriate.

## CONCLUSION

Based on the foregoing analysis, as to Petitioner's request for habeas relief, following a review in accordance with Rule 4 of the Rules Governing Section 2254 Cases, I recommend the Court dismiss the petition. To the extent Petitioner seeks relief pursuant to 42 U.S.C. § 1983, following a review pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the complaint.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of November, 2020.